**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TRANSITO DE MARIA PENA, | No. 22-1752 |
| Petitioner, | Agency No. A206-271-696 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 12, 2023**
Pasadena, California

Before: TASHIMA, GRABER, and CHRISTEN, Circuit Judges.

Petitioner Transito de Maria Pena, a native and citizen of El Salvador,

petitions for review of a decision of the Board of Immigration Appeals (BIA or

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

Board). The Board dismissed Petitioner's appeal of a decision of the Immigration Judge (IJ), who denied her application for withholding of removal and protection under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

**1.** The BIA and IJ did not err in concluding that Petitioner's proposed social group of family of victims or witnesses to criminal activity who are perceived to have cooperated with law enforcement is not cognizable. *See De Leon v. Garland*, 51 F.4th 992, 999 (9th Cir. 2022) ("Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions." (quoting *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018))); *Nguyen v. Barr*, 983 F.3d 1099, 1101 (9th Cir. 2020) ("We review questions of law, such as whether a proposed particular social group is cognizable, de novo."). The IJ erred in finding that Petitioner's proposed social group of "family" was not sufficiently particular because it could include "aunts and uncles, grandparents, or second cousins." "As we have recognized, 'the family remains the quintessential particular social group,'" *Hermosillo v. Garland*, 80 F.4th 1127, 1131 (9th Cir. 2023) (quoting *Parada v. Sessions*, 902 F.3d 901, 910 (9th Cir. 2018)), and the term "family" may refer to various relatives such as grandparents or, as here, a son who was murdered, *see Bhasin v. Gonzales*, 423 F.3d 977, 985 (9th Cir. 2005).

Nonetheless, the IJ did not err in finding that the proposed group lacked particularity because the phrase, "victims or witnesses to criminal activity who are perceived to have reported and/or cooperated with law enforcement," was overbroad. As the IJ reasoned, any witness to any type of criminal activity could be included in the group.

Petitioner has not presented evidence that witnesses to criminal activity are recognized in El Salvador as a particular social group. *See Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1199 (9th Cir. 2023) (stating that establishing social distinction "ordinarily requires '[e]vidence such as country conditions reports, expert witness testimony, and press accounts of discriminatory laws and policies, historical animosities, and the like'" (alteration in original) (quoting *In re M-E-V-G-*, 26 I. & N. Dec. 227, 244 (BIA 2014)); *Conde Quevedo v. Barr*, 947 F.3d 1238, 1243–44 (9th Cir. 2020) (concluding that BIA did not err in concluding that the petitioner failed to establish membership in a cognizable particular social group where the petitioner "presented no evidence of a Guatemalan law or program protecting those who, without more, make police reports, and [he] presented no other evidence that Guatemalan society recognizes those who just report criminal activity of gangs to police as a particular social group"). In light of our conclusion that Petitioner failed to establish the cognizability of her proposed social group, we

need not address Petitioner's argument that she established a nexus between the harm and the proposed social group.

**2.** The agency's finding that Petitioner has failed to establish entitlement to CAT protection is supported by substantial evidence because she cannot show that any future harm would be inflicted by or with the acquiescence of a public official. As the IJ found, the police encouraged Petitioner to file a report about her son's murder, but she refused out of fear. *See Plancarte Sauceda v. Garland*, 23 F.4th 824, 834 (9th Cir. 2022) ("The torture must be 'inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity.'" (quoting 8 C.F.R. § 1208.18(a)(1))).

The petition for review is **DENIED.**